**ORIGINAL**

**FILED**
APR 30 2015
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 14-1218C
Pro Se
(Filed: April 30, 2015)

| | |
|---|---|
| LARRY E. EALY, ) | Tucker Act; 28 U.S.C. § 1491; Subject |
| ) | Matter Jurisdiction; RCFC 12(b)(1); |
| Plaintiff, ) | Fourth Amendment; Fifth Amendment |
| ) | Due Process Clause; Fourteenth |
| v. ) | Amendment; Federal Tort Claims Act; |
| ) | 28 U.S.C. §§ 1346, 2671-80; Contract |
| THE UNITED STATES OF AMERICA, ) | Disputes Act; 41 U.S.C. § 7104(b)(1); |
| ) | Pendent Jurisdiction. |
| Defendant. ) | |

*Larry E. Ealy*, Trotwood, Ohio, Plaintiff, pro se.

*Melissa M. Devine*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were *Deborah A. Bynum*, Assistant Director, and *Robert E. Kirschman, Jr.*, Director, *Joyce R. Branda*, Acting Assistant Attorney General.

## MEMORANDUM OPINION AND ORDER

**Kaplan, Judge.**

Plaintiff, Larry E. Ealy of Trotwood, Ohio, appearing pro se, filed a complaint contending that, among other things, he is entitled to money damages for injuries he suffered following a beating by six police officers employed by the city of Dayton, Ohio. The United States (hereinafter "the government") has moved to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons discussed below, the Court concludes that it lacks jurisdiction to address plaintiff's claims. Accordingly, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED** and this case is **DISMISSED** without prejudice.

## BACKGROUND

According to plaintiff, on March 14, 1990, he went to the Dayton Municipal Court Complex ("DMCC") to address several traffic violations. Am. Compl. Ex. 12 at 2. Plaintiff alleges that he was assaulted by City of Dayton and County police while he was "handling his

business inside the [DMCC]." Am. Compl. ¶ lxxii. Plaintiff further alleges that various public officials and his lawyer intentionally or negligently conspired to deprive him of his constitutional rights and the consequent damages for the assault. Am. Compl. ¶ ciii.

Plaintiff filed an action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Ohio against the officers involved in the incident. See Ealy v. City of Dayton, No. 95-3969, 1996 U.S. App. LEXIS 33236 (6th Cir. Dec. 16, 1996). Following a 1994 trial, the jury found that although the defendant had used excessive force, the defendant had not proximately caused Mr. Ealy's injuries, and it therefore rendered a verdict against Mr. Ealy and awarded him no damages. Id. at *1-2. Mr. Ealy sought judgment as a matter of law or, in the alternative, a new trial, both of which the district court denied; the United States Court of Appeals for the Sixth Circuit affirmed this decision. Id. at *2.

Dissatisfied with the result of the trial and the Sixth Circuit decision, Mr. Ealy has filed numerous complaints and petitions for writs of habeas corpus in various United States District Courts against Federal and Ohio judges as well as Ohio officials and entities. See, e.g., Ohio v. Ealy, No. 1:09-cv-245, 2009 U.S. Dist. LEXIS 41240, at *4-17 (S.D. Ohio Apr. 24, 2009) (providing a history of Mr. Ealy's litigation in the Southern District of Ohio). In addition, Mr. Ealy has twice petitioned the Sixth Circuit for a writ of mandamus and other relief relating to his 1994 trial, which the Court denied. See In re Elbey, No. 11-3597, 2011 U.S. App. LEXIS 26690 (6th Cir. Aug. 5, 2011); In re Ealy, No. 09-3422, 2009 U.S. App. LEXIS 29849 (6th Cir. June 12, 2009).

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). It is well established that complaints that are filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (2004).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

2

Plaintiff contends that the Court has jurisdiction to hear his tort claims against the government "for allowing the Dayton and County Police Department to assault him in violation of the 4th Amendment" and his tort claims against federal employees who intentionally or negligently acted in their administrative or judicial duties. Am. Compl. 10. In addition to citing the Tucker Act, plaintiff cites to a multitude of constitutional provisions, statutes, federal cases, and state law causes of action as the alleged bases for the Court's jurisdiction. These include the Federal Torts Claims Act ("FTCA") as well as state common law tort causes of action, Am. Compl. ¶¶ i-iv, vi-xxvii, xxxvi, xlvii-lxii, clxvii-clxxx, cclxxvii-ccclxv; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), Am. Compl. ¶¶ iv, xxviii-xxxv, lxxiii; the Racketeering Influence Corrupt Organization (RICO) statute, Am. Compl. iv, xxxvi-xxxvii, xl-xlvi, lxxxvi, ccclxvi-ccclxxiii; 42 U.S.C. § 1983 and other civil rights statutes; and various Constitutional Amendments, Am. Compl. ¶ cxl (alleging violations of the Fourteenth and Fifth Amendments), 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, 1985, 1988, Am. Compl. ¶¶ xxv, cxxxxiii, cxl-clviii, cclxxvii; Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978), Am. Compl. ¶¶ cxxvi, ccxxvii; 28 U.S.C. §§ 455, 1331, 1337, 1367, 1441, 2341-51, Am. Compl. ¶¶ xxxvii, lxiv-lxv, cxxxix, cxlv; the Administrative Procedure Act, 5 U.S.C. § 702, Am. Compl. ¶¶ lxii; and the Ohio Constitution as well as Massachusetts and Ohio State laws, Am. Compl ¶¶ clix-clxvi. Finally, Mr. Ealy seeks to have this Court entertain his claims under the common law doctrine of pendent jurisdiction as set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1996), Am. Compl. ¶ xxxviii. Unfortunately for plaintiff, none of these provides a proper basis for this Court's jurisdiction, even if plaintiff's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520.

In addition to naming the United States as a defendant, plaintiff names several federal judges as well as the City of Dayton and various employees of the City of Dayton. Am. Compl. 1-11. See Compl. ¶ i. The Court lacks jurisdiction over actions against Federal judges. Coleman v. United States, 116 Fed. Cl. 461, 470 (2014); Coleman v. United States, No. 14-413C, 2014 U.S. Claims LEXIS 1396, at * 8 (Fed. Cl. Dec. 12, 2014). Further, the United States is the only proper defendant in this Court. United States v. Sherwood, 312 U.S. 584, 588 (1941). The Court, therefore, lacks jurisdiction over all non-federal defendants. See Moore v. Durango Jail, in Maricopa Cnty., Phoenix, Ariz., 77 Fed. Cl. 92, 95 (2007) ("When a plaintiff's complaint names . . . local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

It is unclear from the complaint what claims (if any) Mr. Ealy is alleging against the United States. But assuming that the United States has been named as a defendant in this case, the Court lacks jurisdiction over the claims alleged. Thus, the Court lacks jurisdiction to reach Mr. Ealy's claims that his civil rights under the Fourth Amendment, the Fifth Amendment Due Process Clause, the Fourteenth Amendment or Federal Civil rights laws were violated. Miller v. United States, 67 Fed. Cl. 195, 199 (2005) ("Although this Court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money.") (citing 28 U.S.C.§ 1491(a)(1)); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (observing that the court does not have jurisdiction over claims under the Fourteenth Amendment); Carruth v. United States, 627 F.2d 1068, 1081 (Ct. Cl. 1980); (finding that the Court of Federal Claims lacks jurisdiction over claims arising under the Fifth

3

Amendment). Mr. Ealy's claims of violations of his Fourth Amendment rights under a <u>Bivens</u> theory are similarly beyond this Court's jurisdiction. <u>Brown v. United States</u>, 105 F.3d 621, 623-24 (Fed. Cir. 1997). Further, claims under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983, 1985, 1988 are properly brought in a United States District Court, not this Court. 42 U.S.C. § 1343. Nor does <u>Monell</u>, 436 U.S. 658, give rise to a cause of action in this court, as it pertains to local governments' liability under 42 U.S.C. § 1983.

As to Mr. Ealy's claims that sound in tort, the Tucker Act expressly excludes such claims from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (stating that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases <u>not sounding in tort</u>" (emphasis added)); <u>Brown</u>, 105 F.3d at 623. Actions under the FTCA, 28 U.S.C. §§ 1346, 2671-80, are properly brought in the United States District Courts, not this one. <u>See</u> 28 U.S.C. § 1346(b)(1). And although Mr. Ealy also cites the Contract Disputes Act ("CDA"), 41 U.S.C. § 7104(b)(1), as a basis for his claim, he has failed to allege any facts sufficient to show a contract with the United States or identify the terms of the contract or the provisions that have been breached. Consequently, the CDA does not provide a basis for the exercise of the Court's jurisdiction.

In his complaint, Mr. Ealy cites an assortment of other statutes that do not confer jurisdiction on this Court because they are not money mandating. Thus 28 U.S.C. § 455, which governs judicial misconduct, is not money mandating. <u>Uzamere v. United States</u>, No. 10-585C, 2010 WL 3528897, at *3 (Fed. Cl. Sept. 3, 2010). Neither is the Administrative Procedure Act (APA) a money-mandating statute. <u>Wopsock v. Natchees</u>, 454 F.3d 1327, 1333 (Fed. Cir. 2006). Furthermore, the APA may not be used to review the actions of federal judges or state entities. <u>Pierce v. United States</u>, 117 Fed. Cl. 798, 801 (2014); 5 U.S.C. § 702. Mr. Ealy's causes of action based on the Ohio Constitution or the state laws of Massachusetts and Ohio are also not within this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (providing the Court of Federal Claims with jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"). Further, because the Court lacks jurisdiction over claims of criminal misconduct, neither Title 18 nor RICO provide a basis for the exercise of jurisdiction in this case. <u>Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994); <u>Treviño v. United States</u>, 113 Fed. Cl. 204, 209 (2013) ("RICO is a criminal statute and this court lacks jurisdiction to entertain claims brought under a criminal statute.").

Mr. Ealy also seeks to have this Court entertain his claims under the common law doctrine of pendent jurisdiction as set forth in <u>Gibbs</u>, 383 U.S. at 725-26. Am. Compl. ¶ xxxviii. Even assuming that this Court could ever exercise pendent jurisdiction, it could not do so here because, as explained, it lacks original jurisdiction over any of Mr. Ealy's claims. <u>See, e.g.</u>, <u>Sioux Honey Ass'n v. Hartford Fire Ins. Co.</u>, 672 F.3d 1041, 1055 (Fed. Cir. 2012) (holding that the Court of International Trade may not exercise pendent jurisdiction over defendants where the court had "no original jurisdiction over any of the claims" against those defendants).

Finally, as noted above, Mr. Ealy has filed numerous complaints in various jurisdictions in an attempt to recover the damages to which he believes he is entitled. To the extent that Mr.

Ealy seeks in his complaint to appeal the decisions of the United States District Court and Sixth Circuit that he was not entitled to any damages for the injuries he suffered during the incident in 1990, this Court is not the proper forum for such appeals. Decisions of the district courts are appealable to the United States Courts of Appeals. See 28 U.S.C. § 1291. Decisions of the Courts of Appeals are appealable to the United States Supreme Court. 28 U.S.C. § 1254.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss pursuant to RCFC 12(b)(1). Accordingly, plaintiff's complaint is **DISMISSED** without prejudice for lack of jurisdiction.

Plaintiff's motions for summary judgment, ADR referral, and extension of time to serve defendants by cd-rom are **DENIED** as moot. Plaintiff's application to proceed in forma pauperis is **GRANTED** for the limited purpose of dismissing the complaint.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge